# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3871 | **DATE** | 3/22/2012 |
| **CASE TITLE** | Kole vs. Village of Norridge | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [13] is granted in part. The rest of the motion is taken under advisement.

*/s/ Charles Norgle*

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the court is Defendants' motion to dismiss Plaintiffs Tony Kole and Ghost Industries, LLC's complaint. For the following reasons, the motion is granted in part.

According to the facts alleged in the amended complaint, which the court takes as true on a motion to dismiss, Plaintiffs planned to open a gun shop in the Village of Norridge, Illinois, in fall 2010. In need of Village approval, Plaintiffs filed an application November 16, 2010, for a Weapons Dealer Business License. Defendants, including the Village of Norridge's political leaders, compelled Plaintiffs to sign a November 30, 2010 special agreement ("Agreement") as a condition of obtaining a local Village gun shop license. The Agreement, which is signed by Board President Ronald A. Oppedisano, severely curtailed Plaintiffs' ability to do business. Plaintiffs obtained their Federal Firearms License on or about January 18, 2011. The Village Board of Trustees then voted on February 9, 2011, to amend the Village gun ordinance, known as the Weapons Dealer Licensing Ordinance. The amendment phased out all gun shops from the Village by 2013. The Village Board includes President Ronald A. Oppedisano and Trustees Ursula A. Kucharski, Dennis H. Stefanowicz, Dominic Sulimowski, Dominic S. Falagario, Jacqueline Gregorio, and Robert Martwick ("Board Members"). Plaintiffs are also suing Village Police Chief James J. Jobe, Village Clerk Judith D. Bernardi, and Village Attorney Mark V. Chester.

Plaintiffs allege eighteen violations of federal constitutional and state law, claiming Defendants conspired unlawfully to harm their firearm business. Plaintiffs' federal claims include six counts under 42 USC § 1983, one under § 1985, one under the Sherman Act, and one under the Lanham Act. Plaintiffs' state law claims involve declaratory judgment, rescission, tortious interference with prospective economic advantage, *ultra vires* special legislation, retaliation, conspiracy, the Illinois Deceptive Trade Practices Act, commercial disparagement, and false light. All of these claims concern Plaintiffs' ability to sell and market firearms, and all of them allege injury at the hands of official action by Village agents. Defendants argue the Board Members are absolutely immune from suit via legislative immunity. This order concerns that issue alone, and takes under advisement the remainder of the motion.

## STATEMENT

The Supreme Court has extended immunity to local legislators, reasoning that allowing litigants to attack the motives behind lawmaking would be incompatible with reason, tradition, and the separation of powers. Bogan v. Scott-Harris, 523 U.S. 44, 49-54 (1998). A legislator may "act in a legislative capacity even though he allegedly singled out the plaintiff . . . [in order to] prevent him from effectively exercising his constitutional rights." Id. at 55. The Seventh Circuit has applied Bogan at the local level, granting legislative immunity. Nisenbaum v. Milwaukee Cnty., 333 F.3d 804, 808-09 (7th Cir. 2003). Bogan's sweep is substantial. "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" Bagley v. Blagojevich, 646 F.3d 378, 391 (7th Cir. 2011) (quoting Bogan, 523 U.S. at 54).

Bogan asks whether the actions "were integral steps in the legislative process." 523 U.S. at 55. Whether an action is legislative "turns on the nature of the act, rather than on the motive or intent of the official performing it." Id. at 54. "[V]oting for a local ordinance is a legislative act, regardless of why a city-council member votes as she does—and that includes retaliation against a plaintiff for exercising her First Amendment rights." Arlin-Golf, LLC v. Vill. of Arlington Heights, No. 09 C 1907, 2010 WL 918071, at *7 (N.D. Ill. Mar. 9, 2010) (citing Bogan, 523 U.S. at 55). "The same goes for a mayor's act of signing a local ordinance into law, or, for that matter, proposing a city budget." Id. "More generally, an act by a local executive official that reflects a 'discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents' is a legislative act that is entitled to absolute immunity." (quoting Bogan, 523 U.S. at 55-56).

Similarly, under Illinois state law, the Tort Immunity Act provides that "[a] public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment." 745 ILCS 10/2-205. Illinois courts apply this statute broadly to grant immunity for legislative acts, see Benedix v. Vill. of Hanover Park, No. 10 C 3072, 2010 WL 5099997, at *2 (N.D. Ill. Dec. 8, 2010) (discussing Illinois cases); see also Carter v. City of Elmwood, 515 N.E.2d 415, 416-17 (Ill. App. Ct. 1987).

Citing Bogan, Defendants point out that "[t]he passage of the Operations Agreement, approved by the Village Board, and the Revised Ordinance, are classic legislative acts." The court agrees. The Board Members' conduct with respect to the Agreement and the revised gun ordinance was quintessentially legislative. It may be that the Board Members wished to keep firearm distributors at arm's length, but whether an action is legislative "turns on the nature of the act, rather than on the motive or intent of the official performing it." Bogan, 523 U.S. at 54. Accordingly, the motion to dismiss is granted as to the Board Members in their *individual* capacities. See Smith v. Jefferson Cnty. Bd. of School Comm'rs, 641 F.3d 197, 219 (6th Cir. 2011) ("Board members may be sued in their official capacities but may not be sued as individuals for money damages or declaratory or injunctive relief."). As discussed above, the rest of the motion to dismiss is taken under advisement.

IT IS SO ORDERED.