IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY KOLE, individually and as President and Manager of Ghost Industries, LLC, and GHOST INDUSTRIES, LLC, an Illinois limited liability company, | |
| Plaintiffs, | |
| v. | No. 11-CV-03871 |
| VILLAGE OF NORRIDGE, an Illinois municipal corporation, RONALD A. OPPEDISANO, individually and as President of the Village of Norridge, JAMES J. JOBE, Chief of Police of the Village of Norridge, JUDITH D. BERNARDI, Clerk of Village of Norridge, URSULA A. KUCHARSKI, DENNIS H. STEFANOWICZ, DOMINIC SULIMOWSKI, DOMINIC S. FALAGARIO, JACQUELINE GREGORIO, AND ROBERT MARTWICK, individually and as Trustee of the Village of the Norridge and MARK V. CHESTER, individually and as Village Attorney of the Village of Norridge, | Hon. Charles R. Norgle, Sr. U.S. District Judge<br><br>Hon. Morton Denlow U.S. Magistrate Judge |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL ORDERS

NOW COME the Defendants, by and through their counsel, Thomas G. DiCianni and the law firm of ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., and for their Opposition to Plaintiffs' Motion to Reconsider Dismissal Orders, state the following:

1.     On March 22, 2012, this court entered two Orders granting a portion of defendants' Motion to Dismiss. Those Orders pertained to the immunity arguments presented by the individual defendants in their Motion to Dismiss

2.      Plaintiffs have now filed a Motion to Reconsider the dismissal Orders, and request leave to file a Memorandum of Law to support such a motion.

3.      Plaintiffs' motion should be denied.  Although filing a motion to reconsider has become in some circles a knee jerk reaction to any adverse ruling, it is in actuality appropriate in only very limited circumstances in the federal courts.  *Above the Belt, Inc., v. Mel Bohannan Roofing, Inc.*, 99 FRD 99 (E.D. Va. 1983).

> The motion to reconsider would be appropriate where for example the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court.  Such problems rarely arise and a motion to reconsider should be equally rare,

*Id* at 101.

4.      The Amended Complaint and the briefs addressing defendants' motion to dismiss presented a total of 198 pages to this court.  The court's Orders squarely discuss the immunity issues raised by the individual defendants in the Motion.  The court clearly did not patently misunderstand any party, make a decision outside the adversarial issues presented to the court, or make an error of apprehension.  How could the court have made an error of apprehension after being inundated with such a massive amount of discussion on which to make its decision?

5.      Plaintiffs' purported motion to reconsider could only be nothing more than a reiteration of what has already been presented to the court.   As the *Above the Belt* court recognized, plaintiffs might make different arguments or even better arguments on the issues the court decided, but that is not the purpose of a motion to reconsider.

6.      If the court allows plaintiffs to proceed on their motion to reconsider, defendants would request that this Opposition be deemed by the court as presenting to plaintiffs their

opportunity to invoke the safe harbor provision of Rule 11(c)(2), of the Federal Rules of Civil

Procedure, so that if plaintiffs proceed with a motion to reconsider that does not meet those rare

circumstances discussed in *Above the Belt* where a motion to reconsider is appropriate,

defendants can then proceed directly with a motion for sanctions under Rule 11.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request this court deny plaintiffs'

request for reconsideration.

           /s/ Thomas G. DiCianni

Thomas G. DiCianni (ARDC #03127041)
tdicianni@ancelglink.com
***ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.***
Attorney for Defendants
140 South Dearborn Street, 6th Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONY KOLE, individually and as President
and Manager of Ghost Industries, LLC, and
GHOST INDUSTRIES, LLC, an Illinois
limited liability company,

        Plaintiffs,

        v.                                No. 11-CV-03871

VILLAGE OF NORRIDGE, an Illinois
municipal corporation, RONALD A.
OPPEDISANO, individually and as President
of the Village of Norridge, JAMES J. JOBE,
Chief of Police of the Village of Norridge,
JUDITH D. BERNARDI, Clerk of Village of
Norridge, URSULA A. KUCHARSKI,
DENNIS H. STEFANOWICZ, DOMINIC
SULIMOWSKI, JACQUELINE GREGORIO,
AND ROBERT MARTWICK, individually
and as Trustees of the Village of the Norridge
and MARK V. CHESTER, individually and as
Village Attorney of the Village of Norridge,

        Defendants.

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on April 17,

2012, the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO**

**RECONSIDER DISMISSAL ORDERS** was electronically filed with the Clerk of the U.S.

District Court using the CM/ECF System, which will send notification of such filing to the

following:

Walter Peter Maksym , Jr.
2056 North Lincoln Avenue
Chicago, IL 60614-4525
Email: wmaksym@gmail.com

/s/  Thomas G. DiCianni

THOMAS G. DiCIANNI, (ARDC# 03127041)
One of the attorneys for Defendants

ANCEL, GLINK, DIAMOND, BUSH, DICIANNI
& KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:       (312) 782-7606
Facsimile:       (312) 782-0943
E-Mail:          tdicianni@ancelglink.com

\\agdom1\files\Users\DHincks\Mydocs\Hincks\1. TGD\Kole\Defs' Opposition to Pltf's Mot to Reconsider 041712.doc  1340000.0001