# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3871 | **DATE** | 4/19/2012 |
| **CASE TITLE** | Kole vs. Village of Norridge | | |

### DOCKET ENTRY TEXT

Plaintiffs' motion to reconsider dismissal orders [56] is denied.

■ [ For further details see text below.]                                    Docketing to mail notices.

### STATEMENT

    Before the court is Plaintiffs Tony Kole and Ghost Industries, LLC's Motion to Reconsider Dismissal Orders. For the following reasons, the motion is denied.

    Plaintiffs' motion is styled a "motion to reconsider," though no such device is found in the Federal Rules of Civil Procedure. The court construes Plaintiffs' motion, in substance, as a Rule 59(e) motion to alter or amend a judgment. See Seng-Tiong Ho v. Falove, 648 F.3d 489, 495-96 (7th Cir. 2011) (where a motion to reconsider was labeled a Rule 60(b) motion, district court correctly construed it as a Rule 59(e) motion "in substance" where it argued legal error as the basis for reconsideration and was filed within twenty-eight days after the entry of judgment); see also Obriecht v. Raemisch, 517 F.3d 489, 493-494 (7th Cir. 2008) (substance of the motion determines how courts construe it).

    Plaintiffs, both in their motion and their memorandum of law, attempt to challenge two orders which dealt with portions of a larger motion to dismiss brought by the Village of Norridge individual and municipal Defendants. First, Plaintiffs purport to challenge a March 22, 2012 order that Plaintiffs say dismissed the Norridge Board of Trustees members "in their official and individual capacities" and the Village Attorney "in his individual capacity." No such order exists. In reality, the court entered a March 22, 2012 order, but it dismissed only the Norridge Board of Trustees members and only in their individual capacities. Second, Plaintiffs purport to challenge a *second* March 22, 2012 order that Plaintiffs say dismissed the Village Clerk and Village Police Chief "in their individual capacities." This order does not exist either. However, on March 28, 2012, the court entered an order dismissing the Village Clerk and Village Police Chief in both their individual and official capacities, as well as the Village Attorney in his individual capacity.

    "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht, 517 F.3d at 494 (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Plaintiffs do not present new evidence. Rather, their memorandum of law argues that the court got the issue of legislative immunity wrong with respect to the Board of Trustees members and the Village Attorney. Their only citations are to an online dictionary and to

**STATEMENT**

four cases Plaintiffs say allow municipalities to use the *ultra vires* doctrine as a shield to contractual liability arising from a rogue agent. Even if Plaintiffs were attacking nonfictional orders, the cited cases are, by Plaintiffs' own characterization of them, inapposite. Further, despite moving the court to vacate its order with respect to the Village Clerk and the Village Police Chief, Plaintiffs make no argument with respect to the Village Clerk or the Village Police Chief.

Defendants' response calls Plaintiffs' motion a "knee jerk reaction" to adverse rulings. The court adds that Plaintiffs' motion is frivolous and unreasonably burdens Defendants and the court. It fails on the most basic level because it does not identify the rulings it wishes to challenge. Plaintiffs presented the court with no opportunity to perform a Rule 59(e) analysis because the target was fictitious. Appropriately, Defendants threaten a Rule 11 motion for sanctions in their response. Plaintiffs' motion is denied.

IT IS SO ORDERED.

FILED
2012 APR 19 PM 4: 07
U.S. DISTRICT COURT