IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONY KOLE, et. al., | ) | |
| | ) | Civil Case No: 1:11-cv-03871 |
| Plaintiffs, | ) | |
| | ) | Hon. Charles R. Norgle, Sr. |
| v. | ) | U.S. District Judge |
| | ) | |
| VILLAGE OF NORRIDGE, et. al., | ) | Hon. Morton Denlow |
| | ) | U.S. Magistrate Judge |
| Defendants. | ) | |

PLAINTIFFS' MOTION FOR LEAVE TO CITE
NEW SUPPLEMENTAL CASE AUTHORITIES IN OPPOSITION
<u>TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT</u>

NOW COME Plaintiffs, TONY KOLE and GHOST INDUSTRIES, LLC, by and through their attorney, Walter P. Maksym, Jr., and respectfully requests that they be granted leave to cite new supplemental case authorities in opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Defendants' Motion"), stating as follows:

1. The Defendants' Motion (Doc. 40) is briefed and pending decision by this Court.

2. That since the filing of Defendants' Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 11) ("Defendants' Memorandum") in this cause, the following recent decisions have been rendered by the federal courts, *United States v. Weaver, et. al.,* U.S. Dist Ct. Case No. 2:09 CR 00222, Memorandum Opinion and Order - Doc. 2906 (S.D.W.V. March 6, 2012) *("Weaver"), Woollard v Sheridan, et. al.,* U.S. Dist Ct. Case No. 2:09 CR 00222, Order - Doc. 2906

(S.D.W.V. March 6, 2012) *("Woolard"),* and *Bateman v. Perdue, et. al.,* U.S. Dist Ct. Case No. 5:10-CV-265-H, Summary Judgment Order - Doc. 87 (E.D.N.C.W.D. March 29, 2012) *("Bateman")*

3. These new authorities relate to and interpret *District of Columbia v. Heller,* 554 U.S. 570 (2008) *("Heller"),* wherein the U.S. Supreme Court struck down the District of Columbia's handgun ban on the basis of a textual and historical analysis demonstrating that the ban reached the core of activity protected by the Second Amendment (Id. 628-29) holding that D.C. handgun ban would "fail constitutional muster" under "any of the standards of scrutiny we have applied to enumerated constitutional rights", and *McDonald v. City of Chicago*, 561 U.S. ___, 130 S.Ct. 3020 (2010) *("McDonald"),* the U.S. Supreme Court held that the Second Amendment is "fully applicable to the States" through the Fourteenth Amendment, 130 S. Ct. at 3026; *see also id.* at 3058 (Thomas, J., concurring in part and concurring in the judgment), and thus doomed Chicago's handgun ban. *Heller* and *McDonald* thus establish that "broadly prohibitory laws restricting the core Second Amendment right … are *categorically* unconstitutional." *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) *("Ezell")* (emphasis added).

4. The North Carolina statute challenged in Bateman, similar to Norridge's Ordinance in the instant case, forbade the sale or purchase of firearms and ammunition, as well as the

possession of firearms and ammunition off an individual's premises. (*Bateman* Complt. ¶(¶ 20, 23, 25 referenced and discussed in *Bateman* at pp. 5-6) *Bateman* granted a summary judgment that struck down as unconstitutional North Carolina's General Statute. As Plaintiffs have maintained and hereby reassert, Defendants must permit Plaintiffs the right to possess, own, use, sell, advertise, display, transfer and bear arms outside their homes, i.e., at and about their place of business, under the circumstances of this case. (Amend Complt. - Doc. 11)

5. *Weaver* likewise held, "[t]he fact that courts may be reluctant to recognize the protection of the Second Amendment outside the home says more about the courts than the Second Amendment. Limiting this fundamental right to the home would be akin to limiting the protection of First Amendment freedom of speech to political speech or college campuses."

6. *Woolard*, in denying a 42 U.S.C. § 1983 motion to dismiss, held that Second Amendment rights are not limited to self-defense in the home – that none of the Second Amendment rights can logically be confined solely to the home. To secure these rights, the Second Amendment's protections must extend beyond the home, to "wherever [a] person happens to be". *Woolard* found that the Maryland carry license law was not "narrowly tailored." Moreover, "A citizen may not be required to offer a

'good and substantial reason' why he should be permitted to exercise his rights." Rather, "The right's existence is all the reason he needs."

7. Plaintiffs could not have cited these new authorities because they were not rendered and available until after Defendants' Motion was fully briefed.

8. Plaintiffs submit that this Court's consideration of said additional authorities would assist it in rendering a correct decision with respect to the rest and remainder of Defendants' Motion.

WHEREFORE, Plaintiffs prays that this Court enter an order granting them leave to cite *Bateman, Weaver and Woolard,* as additional case authorities in support of and to supplement their previously filed Memorandum in opposition to Defendants' Motion, and grant such other further relief as this Court may deem fair, just and proper in the premises.

                    Respectfully submitted,

                    TONY KOLE and GHOST INDUSTRIES, LLC, Plaintiffs,

                    By_/s/ Walter P. Maksym, Jr._
                       WALTER P. MAKSYM, JR., their attorney

Walter P. Maksym. Jr.
Attorney at Law
2056 N. Lincoln Avenue
Chicago, IL 60614-4525
Telephone: (312) 218-4475
e-mail: wmaksym@gmail.com