IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY KOLE and GHOST INDUSTRIES, LLC, an Illinois limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF NORRIDGE, an Illinois municipal corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 11 CV 3871 |

## DECLARATION OF TONY KOLE

I, TONY KOLE, am competent to state, and declare the following based on my own personal knowledge:

1. I am a citizen of the United States residing in Chicago, Illinois. I am the President and sole owner of the co-Plaintiff Ghost Industries, LLC. At all times relevant I possessed a valid State of Illinois Firearms Owner Identification Card (the "FOID Card") and I am trained and experienced in the safety and use of various firearms or ammunition products.

2. Ghost Industries, LLC is an Illinois limited liability company having its primary place of business in Norridge, Illinois. Ghost does business and engages in local, internet and interstate commerce as a duly federally licensed firearms and ammunition products dealer by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") pursuant to Title I, Gun Control Act of 1968 (the "GCA"), and pursuant to other applicable regulations and federal law. Ghost possesses a valid Federal Firearms License No. 3-36-031-01-4B-02885 (the "FFL"), a copy which I attached to my lawsuit and just renewed as of February 1, 2014.

3.     Despite knowing that Plaintiffs' business was permitted by Village Ordinance and was otherwise lawful, Village through its officials and representatives demanded, as a condition for the approval of my business license, that I execute an "Agreement Between the Village of Norridge & Ghost Industries, LLC" (hereinafter the "UVA" (Ultra Vires Agreement)), a copy of which is attached to the lawsuit.  The UVA was not imposed on any other business licensee, and resulted in my being forced to comply with terms, conditions and restrictions on my ability to conduct business, as well as the waiver of my constitutional rights.

4.     The UVA was forced upon me in order to prevent me from doing business, drive me out of business and deprive me of sales, profits and livelihood.  The UVA's intent was to deny me the ability to acquire, obtain, advertise for sale, market, keep and bear arms.

5.     Having no recourse and facing the certainty of the Village's continued unlawful delay and withholding of my business license, which also improperly undermined Ghost's ability to be approved for an FFL by the ATF, and which also improperly denied me the ability to conduct my livelihood in the Village, I reluctantly succumbed to the Village's unconstitutional conditions and signed the UVA on November 29, 2010.  I did not sign the UVA voluntarily, but was coerced into doing so, thus involuntarily giving up certain of my constitutional rights, as the only way I would get a business license.

6.     Additionally, the UVA contained the following provisions to which I was forced to capitulate:

> a.     imposed a total ban on physical deliveries of firearms or ammunition on the premises - not even to Law Enforcement; and requiring that all deliveries sent from the Plaintiffs' premises be by unmarked packaging if the delivery is of a "used" firearm and shall be delivered in original packaging as provided by the manufacturer, wholesaler, or distributor if it is a "new" firearm and be in secure packaging sent via post office or courier to a licensed federal firearms dealer (FFD);

b.  imposed a total ban on storage of ammunition or firearms on the premises thereby requiring Plaintiffs needing to first receive payment from a customer, then order a weapon from their supplier, receive it, inventory, label and rush to send it out the same day; by prohibiting Plaintiffs from storing firearms or ammunition on the Premises overnight or longer than twelve (12) hours during any day and that any firearms in Plaintiffs' inventory on the premises will either be disabled by a locking device made for use on firearms or secured in a locked cabinet;

c.  imposed a total ban on the commercial display of Plaintiffs' lawful products by prohibiting Plaintiffs from maintaining a sales or retail display of any firearms or ammunition on the premises;

d.  prohibited Plaintiffs from posting or erecting any exterior signage indicating to the public that its offices are located on the premises or indicating the business of Plaintiffs (*i.e.* weapons sales), requiring the limitation of interior signage to that required by state and federal law and only allowing Plaintiffs to put its name on one or more interior door to premises;

e.  limited the amount of firearms Plaintiffs received per month by requiring that Plaintiffs agree to receive no more than forty (40) long guns or hand guns at the Premises per month for the first twelve (12) months following the date of the UVA and the above-referenced amounts shall increase by ten (10) percent twelve (12) months, and twenty four (24) months thereafter, and to have no more than twenty (20) firearms in the premises at any one time;

f.  required that Plaintiffs agree to receive no more than four thousand (4,000) rounds of ammunition per month for the first twelve (12) months following the date of the UVA and the above-referenced amounts shall increase by ten (10) percent twelve (12) months and twenty four (24) months thereafter, and to have no more than one thousand (1,000) rounds on the premises at any one time. Provided, however, larger quantities (not in excess of the monthly amount) may be on the premises for no longer than one (1) hour after they are delivered from the distributor, wholesaler or manufacturer;

. . .

    h.    required that in the event that Plaintiffs breach any of the conditions of the UVA and such breach is not cured within three (3) business days after the Village delivers written notice to the Plaintiffs specifying the breach, its license will become forfeit and Plaintiffs will cease doing business under that license.

    i.    required that the Village will only renew Plaintiffs' license twice provided that Plaintiffs remain in compliance with the UVA and to exempt Plaintiffs from any change in its business license ordinances and rules in any amendments the Village may make to its Code of Ordinances which directly or indirectly impacts Plaintiffs' business under the Weapons Dealer License granted by the Village and requiring that the Village in the event it repeals its Weapons Dealer Ordinance within thirty six months of the execution of the UVA, will exempt the Plaintiffs from the repeal during that period.

7.    On or about December 11, 2013, the Village again revised its Weapons Dealer Ordinance by passing "An Ordinance Repealing and Reenacting Chapter 22, Article VIII, and Amending Chapter 38, Section 22 of the Revised Municipal Code of the Village of Norridge - 2002 An Ordinance Reenacting Weapons Dealers Licensing and Amending Associated Fees and Penalties, Ordinance No. 1785-13" (hereinafter "New Ordinance"). A copy of the New Ordinance is attached to the Third Amended Complaint.

8.    The New Ordinance purports to allow me to operate my business in the Village, but a variety of its sections work to effectively prohibit me from fully operating by unjustifiably burdening its operation and use. In the alternative, to the extent the opening, operation and use of gun stores might be technically feasible under the New Ordinance, such opening, operation and use is unjustifiably burdened by the challenged provisions. These include:

- Section 22-362, which prohibits gun stores from locating 1000 feet from any (a.) public or private nursery, elementary or secondary school; (b.) childcare facility; (c.) government building; (d.) public park playground, playing field, forest preserve, or other recreational area, or (e.) place of religious worship;

- Section 22-363.B.2.e, which requires a Weapons Dealer licensee to execute an agreement to indemnify, save, hold harmless the Village from any and all loss cost damage expense or liability or other claim whatsoever related to any claim filed in connection with the dale or use of a firearm, ammunition, or deadly weapon, or the issuance of a weapon dealer's license by the Village;

- Section 22-364.G., which limits a gun store to opening solely within a B-3 General Business District within the Village;

9. I have attempted to find a business location that complies with the New Ordinance, but despite using the Norridge zoning map and live site visits and conversations I have found no such location that exists.

10. As a result of the New Ordinance, coupled with the terms of the UVA, I will be forced to close my business, as I will be unable to relocate and otherwise stay in business due to the restrictions imposed upon me.

11. As a result of the above, I still fear prosecution under the New Ordinance, arbitrary revocation of the license eventually issued to me by the Village, as well as interference, prohibition and the unlawful elimination of my otherwise lawful business activities, and reprisals by the Defendant, should I undertake such conduct in and about the Village or with respect to my suppliers and customers that may in any way be considered or construed by Defendant to be a breach of said UVA or a violation of the New Ordinance.

12. As a direct and proximate result of the Village's impositions, my business, and the expansion thereof, is and has been essentially limited to only conducting online sales and shipping from suppliers and other out of area dealers (what I was allowed to do under the UVA and previous versions of the Weapons Dealer Ordinance), thereby resulting in the potential loss of tens of thousands of dollars in sales and thousands of dollars in profits per day.

13. The UVA and New Ordinance and burdensome requirements and restrictions contained in the Ordinances challenged in this lawsuit have unjustifiably inhibited, and continue to unjustifiably inhibit, my efforts to advertise, display, and sell firearms from Ghost's current business location in Norridge or any other location.

14. But for the enactments and burdensome requirements and restrictions contained in the UVA and Ordinances challenged in this complaint, I would advertise and sell firearms from a business location in Norridge.

15. But for the enactments and burdensome requirements and restrictions contained in the UVA and New Ordinance, my would-be customers in and around Norridge who wish to exercise their constitutionally-protected rights to purchase firearms for lawful purposes including self-defense and training would be able to purchase said firearms, and accompanying ammunition, from my business location in Norridge.

I declare under perjury that the foregoing is true and correct.

Executed this 7th day of February, 2014.

_____
Tony Kole

David G. Sigale, Esq. (#6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com