# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY KOLE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF NORRIDGE, | No. 11-CV-03871 <br><br> Hon. Judge Thomas M. Durkin <br> U.S. District Judge <br><br> Hon. Morton Denlow <br> U.S. Magistrate Judge |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, OBJECTS AND TANGIBLE THINGS TO PLAINTIFFS

Defendant, Village of Norridge, by and through its attorneys, Thomas G. DiCianni, Brent O. Denzin, and Daniel J. Bolin, of the law firm of ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., request that Plaintiffs, Tony Kole and Ghost Industries, LLC, produce all documents directly or indirectly relating to this case as described herein, and to make such documents available at the office of Defendant's counsel for inspection and copying within thirty (30) days of receipt of these requests:

## DEFINITIONS AND INSTRUCTIONS

A. This First Request for Production is addressed to PLAINTIFFS, TONY KOLE and GHOST INDUSTRIES, LLC, its agents, actors or attorneys. If any documents requested to be identified are known by PLAINTIFF to exist but are not in either PLAINTIFF'S possession or the possession of its agents and/or attorneys, it is requested that PLAINTIFF so indicate or produce documents that identify the person or entity who has custody of such documents.

B. "Person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, including its agents or employees.

C. The term "documents" means or refers to all written, printed, typed or other graphic material of every kind or nature, however produced or reproduced, whether draft or final, original or reproductions, all electronic data and all mechanical or electronic sound or video recordings or transcripts thereof, in the possession and/or control of PLAINTIFF, or known by PLAINTIFF to exist, and all tangible things, including all copies of documents by whatever means made, specifically including, but not limited to: all writings, drawings, graphs, charts, photographs, phone records and other data compilations.

D. The words "refer" and "relate" include, but are not limited to, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, consulting, confirming, evidencing, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

E. If any document(s) identified in response to any production request has been lost, mutilated or destroyed, so state and identify each such documents, and state to which production request the document(s) would have been responsive.

F. If there are no documents in PLAINTIFF'S possession, custody or control which are responsive to a particular production request, so state and identify such documents.

G. "Identify" means when used in reference to:

    a. an <u>individual</u> - his/her:

        (i) full name;

        (ii) present or last known complete home address and phone number;

        (iii) present or last known position, business affiliation, and job description;

    b. a <u>document</u> as defined in Part C, above:

        (i) its author;

      (ii)     its subject matter, title and date, and the total number of pages thereof;

      (iii)    the date on which it was first reviewed, obtained by, furnished to or prepared by PLAINTIFF;

      (iv)    its type (e.g. letter, memorandum, report, diary chart, etc.) or some other means of recognizing it;

      (v)     each and every addressee;

      (vi)    each and every person to whom copies were sent, by whom copies were received, and who PLAINTIFF believes may have knowledge of contents thereof;

      (vii)   its present location and custodian, or its disposition, if no location or custodian is specified in response to subject (vi) thereof; and

      (viii)  whether PLAINTIFF asserts any privilege which would protect the document from disclosure.

   c.    a <u>communication</u>:

      (i)      the date;

      (ii)     the nature of the communication (e.g. telephone, face-to-face meeting, letter, memorandum);

      (iii)    the identify of each document comprising, referring, reflecting or relating to such communication; and

      (iv)    the substance of the communication.

H.    If any document(s) falling within any description contained in any of the following production requests is withheld under claim of privilege, PLAINTIFF shall serve upon the undersigned attorneys for DEFENDANT a written list of the withheld documents, including the following information as to each such item: (1) its date; (2) the name(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person(s) or entity to whom the item or any copy was ever directed, addressed, sent, delivered, mailed, given

or in any other manner disclosed; and, (6) a statement of the ground(s) on which each such document is considered to be privileged from production.

I. If any information requested is withheld on the basis that such information is privileged from disclosure on any basis, identify the substance thereof, state the basis for the claim of privilege, and identify the person(s) who has knowledge of the requested information, including job title, address, and telephone number.

J. "Describe" shall mean to exhaust the PLAINTIFF'S information, knowledge or belief with respect to the subject matter of the production request.

K. The terms "you" and "PLAINTIFF" refer to each PLAINTIFF, TONY KOLE and GHOST INDUSTRIES, LLC, and any agent, representative, attorney or employee thereof, and any and all other persons acting or purporting to act either directly or indirectly on its behalf.

L. The term "the DEFENDANT" refers to the VILLAGE OF NORRIDGE.

## REQUEST FOR DOCUMENTS

1. All documents you identified in response to the Defendant's First Set of Interrogatories to Plaintiffs, Tony Kole and Ghost Industries, LLC.

2. All written statements of any party, or agent or employee of any party, regarding any of the events, issues, regulations, or property referred to in the Second Amended Complaint or Third Amended Complaint (collectively "the Complaint").

3. All written statements of any witness and persons with knowledge of the events, issues, or allegations referred to in the Complaint.

4. Any memoranda, articles, opinion letters, documents or publications in the custody, possession or control of Plaintiff or any of its agents, employees or members, which relate to the events, issues, or allegations referred to in the Complaint.

5. Any communication, memorandum or correspondence sent to or received by Plaintiff, or any of its agents, employees or members, which relates to the events, issues, or allegations referred to in the Complaint.

6. Any communication, memorandum or correspondence sent to or received by Plaintiff, or any of its agents, employees or members and the Second Amendment Foundation, or any of its agents, employees or members, which relates to the events, issues, or allegations referred to in the Complaint.

7. All written correspondence between Plaintiff and the Village of Norridge, or their agents, employees or attorneys, relating to the events, issues, or allegations referred to in the Complaint.

8. All reports, studies, documents, plans, applications, or specifications prepared or relating to the events, issues, or allegations referred to in the Complaint, including any applications for zoning relief, variances, or other relief from Village ordinances.

9. All bills, statements, estimates or other documents reflecting any expenses, losses, lost profits, income, wages, good will, and/or damages incurred or to be incurred, allegedly as a result of the events, issues, or allegations referred to in the Complaint.

10. All bills, statements, estimates or other documents reflecting any income, revenues, or profits from Plaintiff's business from 2010 to the present.

11. All of Plaintiff's income tax returns from 2010 to the present.

12. All documents which relate to any damages for which Plaintiff seeks recovery.

13. All documents, records or correspondence that support the allegations in the Complaint.

14. All media reports or newspaper articles relating to any of the events referred to in the Complaint.

15. All documents identifying or regarding similarly situated weapons dealers or other entities that Defendant treated differently than Plaintiffs and describing how they were treated differently.

16. All documents describing Plaintiff's gross revenue from 2010 to the present.

17. All documents describing Plaintiff's gross revenue from online sales from 2010 to the present.

18. All documents relating to Plaintiff's sales from 2010 to the present that are required to be maintained pursuant to the Federal Firearms Act, the Federal Gun Control Act, the State of Illinois, and any rules prescribed by the Department of Treasury, Bureau of Alcohol, Tobacco Firearms and Explosives.

19. All Federal Firearms Licenses issued to Plaintiff from 2010 to the present.

20. All documents, communications, correspondence, phone records, or emails related to Plaintiff's attempts to find a business location from 2010 to the present.

21. All documents from suppliers notifying Plaintiff that the suppliers will no longer supply inventory to Plaintiff.

22. All agreements, contracts, or communications between Plaintiff and any person or entity regarding the purchase or lease or pending purchase or lease of a location for a business.

23. All deeds or leases for the locations of Plaintiff's business from 2010 to the present.

24. All lease agreements allowing Plaintiff to occupy and use the office(s) located at 7601 Montrose Ave, Suite 2, Norridge, Illinois ("Premises") from 2010 to the present.

25. All maps, diagrams, floor plans, or photographs of the Premises.

26. All applications, communications, plans, or other documents describing the conversion of the Premises from an office to a retail use.

27. The report and curriculum vitae or resume of any expert pursuant to Federal Rule of Civil Procedure 26, who is expected to testify at the trial of this case.

Respectfully submitted,

VILLAGE OF NORRIDGE

By: _____
Thomas G. DiCianni
One of Defendants' Attorneys

Thomas G. DiCianni (ARDC #03127041)
tdicianni@ancelglink.com
Brent O. Denzin (ARDC #6294953)
bdenzin@ancelglink.com
Daniel J. Bolin (ARDC #6295932)
dbolin@ancelglink.com
*ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.*
Attorney for Defendants
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY KOLE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF NORRIDGE, | No. 11-CV-03871 <br><br> Hon. Judge Thomas M. Durkin <br> U.S. District Judge <br><br> Hon. Morton Denlow <br> U.S. Magistrate Judge |

### CERTIFICATE OF SERVICE

I, Darlene Hincks, a non-attorney, on oath, certify that I served a copy of the foregoing **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, OBJECTS AND TANGIBLE THINGS TO PLAINTIFFS** by mailing a copy of the same to:

Walter Peter Maksym , Jr.
Attorney at Law
400 East Ohio #2004
Chicago, IL 60611-4631

David G. Sigale
Law Firm of David G Sigale, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137

by depositing the same in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois 60603, with proper postage prepaid, before 5:00 p.m. on September 25, 2015.

[X] I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

_____
Darlene Hincks

4847-1467-7544, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY KOLE, *et al.*, | |
| Plaintiffs, | No. 11-CV-03871 |
| v. | Hon. Judge Thomas M. Durkin<br>U.S. District Judge |
| VILLAGE OF NORRIDGE, | |
| | Hon. Morton Denlow<br>U.S. Magistrate Judge |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Defendant, Village of Norridge, by and through its attorneys, Thomas G. DiCianni, Brent O. Denzin, and Daniel J. Bolin, of the law firm of ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., propounds the following Interrogatories to be answered by Plaintiffs, Tony Kole and Ghost Industries, LLC, fully in writing and under oath, within thirty (30) days of service, and in accordance with the applicable Rules:

## DEFINITIONS AND INSTRUCTIONS

1. These Interrogatories are addressed to PLAINTIFFS, TONY KOLE and GHOST INDUSTRIES, LLC, its agents, actors or attorneys. If any documents requested to be identified are known by either PLAINTIFF to exist but are not in either PLAINTIFFS' possession or the possession of its agents and/or attorneys, it is requested that PLAINTIFFS so indicate or produce documents that identify the person or entity who has custody of such documents.

2. "Person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, including its agents or employees.

3. The term "documents" means or refers to all written, printed, typed or other graphic material of every kind or nature, however produced or reproduced, whether draft or final, original or reproductions, all electronic data and all mechanical or electronic sound or video

recordings or transcripts thereof, in the possession and/or control of PLAINTIFF, or known by PLAINTIFF to exist, and all tangible things, including all copies of documents by whatever means made, specifically including, but not limited to: all writings, drawings, graphs, charts, photographs, phone records, and other data compilations.

4. The words "refer" and "relate" include, but are not limited to, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, consulting, confirming, evidencing, setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

5. If any document(s) identified in response to any Interrogatory has been lost, mutilated or destroyed, so state and identify each such documents, and state to which Interrogatory(ies) the document(s) would have been responsive.

6. If there are no documents in PLAINTIFF'S possession, custody or control which are responsive to a particular Interrogatory, so state and identify such documents.

7. "Identify" means when used in reference to:

    a. an <u>individual</u> - his/her:

        (i) full name;

        (ii) present or last known complete home address and phone number;

        (iii) present or last known position, business affiliation, and job description;

    b. a <u>document</u> as defined in Part C, above:

        (i) its author;

        (ii) its subject matter, title and date, and the total number of pages thereof;

        (iii) the date on which it was first reviewed, obtained by, furnished to or prepared by PLAINTIFF;

      (iv)    its type (e.g. letter, memorandum, report, diary chart, etc.) or some other means of recognizing it;

      (v)    each and every addressee;

      (vi)    each and every person to whom copies were sent, by whom copies were received, and who PLAINTIFF believes may have knowledge of contents thereof;

      (vii)    its present location and custodian, or its disposition, if no location or custodian is specified in response to subject (vi) thereof; and

      (viii)    whether PLAINTIFF asserts any privilege which would protect the document from disclosure.

    c.    a communication:

      (i)    the date;

      (ii)    the nature of the communication (e.g. telephone, face-to-face meeting, letter, memorandum);

      (iii)    the identify of each document comprising, referring, reflecting or relating to such communication; and

      (iv)    the substance of the communication.

8.    If any document(s) falling within any description contained in any of the following Interrogatories is withheld under claim of privilege, PLAINTIFF shall serve upon the undersigned attorneys for DEFENDANT a written list of the withheld documents, including the following information as to each such item: (1) its date; (2) the name(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it; (3) its title; (4) the name(s) of the person(s) or other entity(ies) to whom it was addressed; (5) the name(s) of each person(s) or entity to whom the item or any copy was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and, (6) a statement of the ground(s) on which each such document is considered to be privileged from production.

9.    If any information requested is withheld on the basis that such information is privileged from disclosure on any basis, identify the substance thereof, state the basis for the

claim of privilege, and identify the person(s) who has knowledge of the requested information, including job title, address, and telephone number.

10. "Describe" shall mean to exhaust the PLAINTIFF'S information, knowledge or belief with respect to the subject matter of the Interrogatory.

11. The terms "you" and "PLAINTIFF" refer to each PLAINTIFF, TONY KOLE and GHOST INDUSTRIES, LLC, and any agent, representative, attorney or employee thereof, and any and all other persons acting or purporting to act either directly or indirectly on its behalf.

12. The term "the DEFENDANT" refers to VILLAGE OF NORRIDGE.

## INTERROGATORIES

1. State the name, title, position, business address, and residential address of the individual answering these interrogatories.

**ANSWER:**

2. State the full name and current residence address of each individual who has knowledge of the facts that are the subject of this lawsuit and, for each person, state the matters upon which that individual has knowledge.

**ANSWER:**

3. State the address of every location where each Plaintiff is currently conducting business.

**ANSWER:**

4. For any communications with either Plaintiff, or any of its agents, employees, members or attorneys, have had with any person regarding any of the factual allegations in the Second Amended Complaint or Third Amended Complaint (collectively the "Complaint"), identify the person with whom the communication was had, identify the date and matter of communication, identify all participants and/or witnesses to the communication, and describe in detail everything that was said or written during the communication and by whom.

**ANSWER:**

5. Identify any statement from any person other than Plaintiffs, or their agents, employees, members or attorneys, relating to any of the events, issues, or allegations referred to in the Complaint. For each statement, state the manner and address of each such person, the date of said statement and state whether such statement was written or oral.

**ANSWER:**

6. State all expenses, losses, lost profits, income, wages, good will, and/or damages each Plaintiff claims as a result of the Defendant's actions.

ANSWER:

7. State all expenses, losses, lost profits, income, wages, good will, and/or damages each Plaintiff claims as a result of the Defendant's actions for the period of time the UVA was in effect, the period of time the Revised Ordinance was in effect, and the period of time the New Ordinance was in effect.

ANSWER:

8. State all persons who may have knowledge of the expenses, losses, lost profits, income, wages, good will, and/or damages that each Plaintiff has allegedly suffered or incurred as a result of the events, issues, or allegations referred to in the Complaint.

ANSWER:

9. Identify all other persons with knowledge of information concerning any of the factual allegations contained in the Complaint.

ANSWER:

10. Identify all locations where Plaintiffs leased or attempted to lease a location to operate as a weapons dealer from 2010 to the present.

ANSWER:

11. Why were Plaintiffs unable to lease or purchase each location identified in response to Paragraph 10?

ANSWER:

12. Describe all of Plaintiff's efforts to lease or purchase a location to operate as a weapons dealer from 2010 to the present, including all resources or real estate brokers consulted by the Plaintiffs.

13. State all lawsuits in which either Plaintiff has been a party, including the court in which the suit was filed, the year filed, the title and docket number of said case, and the result of the case.

**ANSWER:**

14. Identify all Plaintiffs' "would-be" customers referenced in the Complaint.

**ANSWER:**

15. Identify all similarly situated weapons dealers or other entities that Defendant treated differently than Plaintiffs and describe how they were treated differently.

**ANSWER:**

16. Identify all suppliers of merchandise for Plaintiffs' business from 2010 to the present.

**ANSWER:**

17. Identify all Rule 26 expert witnesses, their addresses and telephone numbers and provide the subject matter on which they are expected to testify; their conclusions, opinions and basis for those conclusions and opinions; and the qualification of the expert, and any other information required by Rule 26 to be disclose regarding testifying expert witnesses.

**ANSWER:**

Respectfully submitted,

VILLAGE OF NORRIDGE

By: _____
Thomas G. DiCianni
One of Defendants' Attorneys

Thomas G. DiCianni (ARDC #03127041)
tdicianni@ancelglink.com
Brent O. Denzin (ARDC #6294953)
bdenzin@ancelglink.com
Daniel J. Bolin (ARDC #6295932)
dbolin@ancelglink.com
*ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.*
Attorneys for Defendants
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY KOLE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF NORRIDGE, | No. 11-CV-03871 <br><br> Hon. Judge Thomas M. Durkin <br> U.S. District Judge <br><br> Hon. Morton Denlow <br> U.S. Magistrate Judge |

## CERTIFICATE OF SERVICE

I, Darlene Hincks, a non-attorney, on oath, certify that I served a copy of the foregoing **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS** by mailing a copy of the same to:

Walter Peter Maksym , Jr.
Attorney at Law
400 East Ohio #2004
Chicago, IL 60611-4631

David G. Sigale
Law Firm of David G Sigale, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137

by depositing the same in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois 60603, with proper postage prepaid, before 5:00 p.m. on September 25, 2015.

[X] I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

*/s/ Darlene Hincks*

4849-4575-4919, v. 1

Page 9 of 9